# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHNNIE GATHERS, #162420 ) | |
| ) | CIVIL ACTION NO. 9:08-3987-HMH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIE EAGLETON, ) | |
| ECI-WARDEN, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or § 2241. The pro se petition was filed on December 10, 2008.[1] Petitioner is a state prisoner housed at the Evans Correctional Institution.

On February 9, 2009, the Petitioner filed a motion for summary judgment. Respondent then filed a return as well as his own motion for summary judgment on February 27, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on March 2, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the Respondent's motion for summary judgment. Petitioner was specifically advised in that order that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition on March 25, 2009. These matters are now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was convicted on August 18, 1989 in Florence County for distribution of crack cocaine (2 counts) and distribution of a crack cocaine within proximity of a school (2 counts), and was sentenced to twenty-five (25) years for distribution of crack cocaine; ten (10) years, consecutive, for distribution of a controlled substance within proximity of a school; twenty-five (25) years, concurrent, for distribution of crack cocaine; and ten (10) years, concurrent, for distribution of a controlled substance within proximity of a school.  See Brennan Affidavit, ¶ 2 and attachments.[3] Petitioner was later granted parole, but a warrant was subsequently issued for his arrest for parole violations.  See Brennan Affidavit, ¶ 3 and attachments.  Petitioner was then arrested and returned to the South Carolina Department of Corrections (SCDC) as a parole violator.  See Brennan Affidavit, ¶ 3 and attachments.

In his pro se Petition for writ of habeas corpus filed in this United States District Court, Petitioner asserts that his sentence on his conviction was for a total of thirty-five (35) years, but that upon his return and re-commitment following his parole violations, he is now being required to serve a forty-five (45) year sentence because the SCDC is contending that all counts were to be served "consecutively".  Petitioner argues that his original sentence has actually expired, and that he is being held illegally.  See Petition, with attached exhibits.

**Discussion**

The Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P.,

---

[3]James Brennan, Assistant Division Director of Inmate Records for the South Carolina Department of Corrections (SCDC), attests in his affidavit that Petitioner's sentence on his second crack cocaine conviction was ten (10) years, concurrent with his other sentences. Brennan Affidavit, ¶ 2. However, this appears to be a scrivener's error, as the sentencing sheet reflects that the sentence on this count was twenty-five (25) years, concurrent. See attached sentencing sheet for Count Three; attached indictment No. 89-GS-21-619.



submitting that the entire Petition is without merit. The Petitioner has also moved for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975)["[I]t is sufficient to recognize that, although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."]. Respondent represents in his motion for summary judgment that Petitioner currently has an appeal pending in the South Carolina Administrative Law Court, on which no decision has yet been rendered.[4]

---

[4]No other information about this ALC appeal has been provided, and no copies of the ALC filing have been submitted. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]. This Court has been unable to itself access any court records with respect to this ALC case. See n. 6, infra. However, Petitioner himself references this ALC case in some of his own filings, citing to ALC case No. 08-ALJ-04-359-AP. Under South Carolina law, any appeal from the ALC decision is to the South Carolina Court of Appeals, and from there to the
(continued...)



Additionally, a review of the materials and filings submitted to the Court shows that Petitioner has filed a state court petition in Florence County with respect to this issue, with both Petitioner and Respondent having attached a copy of that petition to their filings. See Petition (filed in Gathers v. Eagleton, C/A No. 2008-CP-21-660). Although Petitioner makes the conclusory statement that he has exhausted his remedies, he does not dispute that this state court action is still pending.[5] In any event, out of an abundance of caution, the undersigned also verified with the Florence County Clerk of Court that this petition is still pending. See http://www.florenceco.org/eservices/publicrecords.htm.[6] Accordingly, Petitioner has not exhausted his state court remedies.

Title 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."[7] No evidence has been presented to show an absence of available state process, and the undersigned does not find that such process is ineffective in protecting Petitioner's rights. Therefore, Petitioner has

---

[4](...continued)
South Carolina Supreme Court. See S.C.Code Ann § 1-23-610(B).

[5]Petitioner does assert that he has appealed to the South Carolina Supreme Court; however, based upon the document submitted, it appears that Petitioner's letter to the South Carolina Supreme Court actually expressed concerns about documents filed with the Clerk of Court's office in Florence County. See Attachments to Petition and Respondent's Motion for Summary Judgment.

[6]Federal courts may take judicial notice of prior proceedings in other courts of record. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)(collecting cases).

[7]Petitioner's case, although filed as a claim under § 2241, could also be considered under § 2254. See Trine v. Houston, No. 06-541, 2006 WL 3408208, at * 1 (D.Neb. Oct. 23, 2006). In any event, Petitioner's claim fails even if considered under § 2241. Moore, 515 F.2d at 442-443; Bridges v. White, No. 06-13519, 2007 WL 2984086, at * 2 (E.D.Mich. Oct. 12, 2007).



failed to exhaust his state court remedies.[8]

## Conclusion

Based on the foregoing, it is recommended that this federal Petition be **dismissed**, without prejudice, for failure of the Petitioner to exhaust his state court remedies.[9] Braden, 410 U.S. at 490-491; Moore, 515 F.2d at 441-442; Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court]; 28 U.S.C. § 2254(b) and (C).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 23, 2009
Charleston, South Carolina

---

[8]Furthermore, if this federal petition was considered by this Court, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of any future state proceedings that he may want to bring in the future because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); see also, Pub.L. No. 104-132, 110 Stat. 1214, § 104 (amending 28 U.S.C. § 2254), Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982).

[9]On May 11, 2009, Plaintiff filed a motion to expand the record which the undersigned granted. Since these documents deal with the underlying merits of Plaintiff's claims, not Plaintiff's failure to exhaust his ste court remedies, the undersigned has not discussed them herein.



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 85 Broad Street
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

