IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Johnnie Gathers, #162420, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:08-3987-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Willie Eagleton, ECI-Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Johnnie Gathers ("Gathers"), a pro se state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Marchant recommends dismissing Gather's § 2241 petition without prejudice for failure to exhaust state court remedies. Gathers filed objections to the Report and Recommendation. For the reasons stated below, the court dismisses Gathers' § 2241 petition.

I. FACTUAL AND PROCEDURAL BACKGROUND

Gathers is an inmate at Evans Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On August 18, 1989, Gathers was convicted of two counts of distribution of crack cocaine, one count of distribution of a controlled substance within close

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

proximity of a school and one count of distribution of crack cocaine within close proximity of a school. Gathers was sentenced to twenty-five years' imprisonment for the distribution of a controlled substance within close proximity of a school offense and ten years' imprisonment for each distribution of crack cocaine offense, with one ten-year sentence to run concurrently and the other ten-year sentence to run consecutively with the twenty-five year sentence. Accordingly, Gathers was sentenced to serve a total of thirty-five years' imprisonment ("state sentence").

After serving eleven years of his state sentence, Gathers was paroled on October 5, 2000. On April 9, 2005, while on parole for his state convictions, Gathers was sentenced to thirty-three months after pleading guilty in federal court to harboring illegal aliens and possession with intent to distribute fifty kilograms or more of marijuana ("federal sentence"). A parole violation arrest warrant was issued for Gathers on December 2, 2005, but it was not served until April 18, 2006. Gathers ceased earning credit toward his state sentence when the December 2, 2005, arrest warrant was issued because of his parole violation. Gathers began earning credit on his state sentence again on April 18, 2006, when the SCDC placed a detainer on him in a federal Bureau of Prisons ("BOP") facility. Currently, Gathers' projected max-out date for his state sentence is December 24, 2010. (Resp't Mot. Summ. J. Ex. A (James E. Brennan, Jr. ("Brennan") Aff. ¶ 5).)

On March 27, 2008, Gathers filed an application for post conviction relief ("PCR") in the Florence County Court of Common Pleas alleging that his state sentence "expired May 6, 2007." (Objections Ex. 2 (Pet. for Habeas Corpus).) The court dismissed Gathers' PCR application on June 24, 2009. Gathers did not appeal. Gathers filed the instant § 2241 petition on December 11, 2008, alleging that he is "now serving a forty-five (45) year[ ] sentence" as opposed to a thirty-

five year sentence on his state convictions. (Gathers § 2241 Pet. 2.) Gathers further contends that "the original sentence has expired since 9-25-2003 . . . his original release date." (Id. at 3.) Gathers filed a motion for summary judgment on January 31, 2009. Respondent filed a motion for summary judgment on February 27, 2009. Gathers filed a response in opposition to the motion for summary judgment on March 25, 2009. On June 23, 2009, Magistrate Judge Marchant recommended that this court dismiss Gathers' § 2241 petition for failure to exhaust state court remedies.

## II. Discussion of the Law

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends dismissing Gathers' § 2241 Petition because Gathers has not exhausted his state court remedies. Gathers filed objections to the Report and Recommendation. After review, the court finds that many of Gathers' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, Gathers provides two specific objections. Gathers alleges that the magistrate judge erred in finding that Gathers has a pending (1) appeal before the South Carolina Administrative Law Court ("SCALC") and (2) case in the Florence County Court of Common Pleas. (Objections 8-9.) The court will address each objection below.

The magistrate judge found that Gathers "currently has an appeal pending in the [SCALC], on which no decision has yet been rendered." (Report & Recommendation 3.) The magistrate judge also notes that there has been no other information provided about the SCALC appeal and no copies of the SCALC filings were submitted by Respondent. (Id.) Gathers argues that he has exhausted his administrative remedies in the SCALC and provides a copy of an SCALC Order dated October 8, 2008 ("SCALC Order") in support of his assertion. According to the SCALC Order, the matter was before the court "upon the appeal of Johnnie Gathers . . . who appeals the calculation by SCDC of his 'maxout' date." (Objections Ex. G (SCALC Order).) The court finds that Gathers has exhausted his administrative remedies as his appeal to the SCALC affirmed that his max-out date is correct. (Id.)

Next, Gathers objects to the magistrate judge's conclusion that Gathers has a pending case filed in state court. (Objections 9.) Gathers filed for PCR in state court on March 27, 2008. According to the Florence County Twelfth Judicial Circuit online public index, Gathers' post conviction case was dismissed on June 24, 2009. See http://publicindex.sccourts.org/florence/publicindex/PISearch.aspx?CourtType=G. Respondent argues, however, that Gathers has failed to meet the exhaustion requirement because he has not presented his claim to the South Carolina Supreme Court. There is nothing in the record to indicate that Gathers has presented his claim to the South Carolina Supreme Court.

A prisoner is "required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "The burden of proving

that a claim has been exhausted lies with the petitioner." Id.  While Gathers argues that he has exhausted his state court remedies, he does not provide any evidence that he has sought relief from the South Carolina Supreme Court.[2]  Gathers argues that he "did not have to appeal because the case had ended anyway." (Objections 9.)  Accordingly, Gathers has not proven that he has exhausted his state remedies.  However, "[a] claim that has not been presented to the highest state court . . . may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture." George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).  Gathers is now barred from raising an appeal before the South Carolina Supreme Court.  As such, the court will address the merits of his claim.

Gathers alleges that his "original sentence has expired since 9-25-2003" and he is currently "serving a forty-five (45) year[] sentence" as opposed to a thirty-five year sentence. (Gathers § 2241 Pet. 2-3.)  Gathers' projected max-out date is December 18, 2010.  During his initial incarceration from 1989 until he was paroled in 2000, Gathers was eligible to receive good-time credit and work credit toward his state sentence.  (Resp't Mot. Summ. J. Ex. A (Brennan Aff. ¶ 4).)  Upon parole, however, Gathers no longer earned good-time or work credits and his estimated max-out date was adjusted accordingly.  (Id.)  Gathers ceased from earning credit on his state sentence from December 2, 2005 until April 18, 2006, because a parole violation warrant was issued for his arrest on December 2, 2005 and was not served until April 18, 2006.  (Id.)

---

[2] Gathers has submitted an order from the South Carolina Supreme Court stating that a letter written to the Chief Justice dated November 25, 2008, was dismissed "because no extraordinary reason exists to entertain them in this Court's original jurisdiction." (Objections Ex. H (December 17, 2008 Order).)

Gathers now asserts that the SCDC has "extend[ed] the service of the sentence" by not considering his entire time in federal custody toward the service of his state sentence. (Gathers § 2241 Pet. 4.)

The United States Supreme Court has provided persuasive authority regarding a parolee earning credits toward his first sentence while concurrently serving a sentence for a second offense. In Zerbst v. Kidwell, 304 U.S. 359, 361 (1938), the court explained,

> [w]hen respondent committed a federal crime while on parole, for which he was arrested, convicted, sentenced, and imprisoned, not only was his parole violated, but service of his original sentence was interrupted and suspended. Thereafter, his imprisonment was attributable to his second sentence only, and his rights and status as to his first sentence were "analogous to those of an escaped convict." Not only had he–by his own conduct–forfeited the privileges granted him by parole, but, since he was no longer in either actual or constructive custody under his first sentence, service under the second sentence cannot be credited to the first without doing violence to the plain intent and purpose of the statutes providing for a parole system.

Moreover, in Robinson v. State, 495 S.E.2d 433, 436-37 (S.C. 1998), the South Carolina Supreme Court held that a convict may not receive SCDC prison credit for time served in federal prison until SCDC places a detainer on the inmate. Gathers did not begin to earn time toward his sentence until he was served with the warrant in federal prison and a detainer was placed on him. (Resp't Mot. Summ. J. Ex. A (Aff. Brennan ¶¶ 3-4).) "While the convict is subject to a South Carolina detainer, he is constructively in South Carolina custody. As a result, a convict will receive credit for time spent in another jurisdiction while subject to a South Carolina detainer." Robinson, 495 S.E.2d at 436-37. However, until the SCDC placed a detainer on Gathers, he could not receive credit for "his time served in federal custody. Instead, he can only receive credit for the time he has served in federal custody since he submitted to South Carolina custody."

Id. at 437.  Accordingly, Gathers' sentence has not been extended unjustifiably; rather, he was unable to receive credit during the time he violated his parole until the date the SCDC located him in federal prison, placing him under constructive custody.  Accordingly, the court dismisses Gathers' § 2241 petition and adopts the Report & Recommendation to the extent that it is consistent with this Order.

Therefore, it is

**ORDERED** that Gathers' § 2241 petition, docket number 1, is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 27 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.